

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

GERALD C. MANN
~~WILLIAMS~~~~WILSON~~
ATTORNEY GENERAL

Honorable George T. Thomas
County Attorney
Howard County
Big Spring, Texas

Dear Sir:

Opinion No. O-3944
Re:  If a person comes into Howard
County from a dry county and
purchases a large quantity of
liquor, in his own name and
for himself, and starts back
to the dry county with it, but
is arrested before leaving How-
ard County, but admits that he
intends to take such whiskey
back to the dry county where
he lives and sell it, is he
violating the terms of Article
666-4(a) Vernon's Annotated
Penal Code?

Your letter of February 18, 1943, requesting the opinion of
this department on the questions stated therein reads in part as follows:

"    .   .   .   .

"Howard County is wet.  If a person comes into Howard
County from a dry County and purchases a large quantity of
liquor, in his own name and for himself, and starts back to
the dry county with it, but is arrested before leaving How-
ard County, but admits that he intends to take such whiskey
back to the dry county where he lives and sell it, is he
violating the terms of Art. 666-4(a), reading as follows:

"'(a)  It shall be unlawful for any person to manu-
facture, distill, brew, sell, possess for the purpose of
sale, import into this State, export from this State,
transport, distribute, warehouse, store, solicit, or take
orders for, or for the purpose of sale to bottle, rectify,
blend, treat, fortify, mix or process any liquor in any
wet area without first having procured a permit', and if
he is violating the terms of such provision, would he be
guilty of transporting liquor in a wet area without a

permit, or would he be guilty of possession of liquor for the purposes of sale without a permit, or both.

"I ask these questions because if the term 'transport' as used in the above article is given the same construction as the same term when used in Article 666-27a, which was, according to your opinion No. O-1882 to Hon. Bert Ford 'shipment of liquor, as that term is ordinarily used and understood, as where a person orders liquor and it is delivered to him either by common carrier or agent for the consignee or consignor', then such person would not be guilty under the transport provision of such article whether he intended it for his own consumption or for sale, just so it belonged to him.

"And on the question of 'possess for purpose of sale', what would be the effect of such person having such possession without a permit, for the purpose of sale, but had such possession only in Howard County, but intended to sell only in some other county, and the only real purpose of having and possessing the liquor in Howard County was for transport to such dry county, where it was intended to be sold?

"Further, under the same fact situation, would such person be guilty of a violation of Article 666-27a if he did not have in his possession the written statement required by such act?  In your opinion to Hon. Bert Ford, Opinion No. O-1882 it would appear that you construed such article to require such statement only when there was a 'shipment of liquor, as that term is ordinarily used and understood, as where a person orders liquor, and it is delivered to him either by common carrier or agent for the consignee or consignor' irregardless of whether such liquor was intended for personal consumption by the person transporting the same, or by sale by such person.

"    ."

By virtue of subsection a, of Article 666-4, Vernon's Annotated Penal Code, it is unlawful for any person to transport liquor without having procured a permit.  Except where a person has purchased liquor in a wet area, and if, at the time of his arrest, he was transporting same to his home for his own consumption, he would not be guilty of unlawfully transporting the liquor, because of the provisions of Article 666-23(a), Vernon's Annotated Penal Code, which reads as follows:

"(1)  It is provided that any person who purchases al-
coholic beverages for his own consumption may transport same
from a place where the sale thereof is legal to a place where
the possession thereof is legal."

Article 666-15, Vernon's Annotated Penal Code, provides for
the different types of permits, including those allowing transportation
as follows:

"Carrier Permit, Private Carrier Permit, and Local Cart-
age Permit."

There are many Texas cases regarding the illegal transporta-
tion of intoxicating liquors.  However, we have been unable to find any
case passing directly upon the questions submitted in your inquiry.

Under the facts stated in your letter, as quoted above, it
is our opinion that the person mentioned therein has violated the terms
of Article 666-4(a) of transporting liquor in a wet area without a per-
mit provided he was not transporting the same to his home for his own
consumption.  It is our further opinion, under the facts stated, that
such person would be guilty of possession of liquor for the purpose of
sale without a permit.

With reference to your second question regarding the posses-
sion of liquor for the purpose of sale, it is stated in effect, that
the person who was arrested in Howard County had such liquor in his pos-
session and stated that he had it for the purpose of sale but he intended
to sell it in some other county and the only real purpose of having pos-
session of the liquor in Howard County was to transport such liquor to
the dry county where it was intended to be sold.  It is our opinion that
it is immaterial where the liquor was intended to be sold so long as it
was his purpose and intention to possess such liquor for the purpose
of sale.  We think that our answer to your first question necessarily
answers this question.

With reference to your third question, under the same fact
situation, you ask "would such a person be guilty of a violation of
Article 666-27(a) if he did not have in his possession the written state-
ment required by such Act?"  We think that our opinion No. O-1882 ex-
pressly answers this question and we quote from the same as follows:

"We think this section has reference to shipment of
liquor, as that term is ordinarily used and understood, as
where a person orders liquor and it is delivered to him
either by common carrier or agent for the consignee or

consignor.  It is our opinion that the same is not applicable to the situation presented by your statement of facts."

Yours very truly

APPROVED MAR 17, 1943                    ATTORNEY GENERAL OF TEXAS

/s/ Grover Sellers

                                         By  /s/ Ardell Williams
FIRST ASSISTANT                                  Ardell Williams
ATTORNEY GENERAL                                     Assistant

AW:mp:lm

                          APPROVED
                          OPINION
                          COMMITTEE
                          BY /s/ BWB
                            CHAIRMAN